1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN GOOD,                              1:09-cv-01791 GSA (PC)

12                                           ORDER CONSTRUING CASE AS
                     Plaintiff,              INDIVIDUAL CIVIL SUIT RATHER THAN
13                                           CLASS ACTION
            vs.
14                                           ORDER FOR CASE TO PROCEED WITH
     CALIFORNIA DEPARTMENT OF                JOHN GOOD AS SOLE PLAINTIFF
15   CORRECTIONS, et al.,
                                             ORDER FOR CLERK TO REFLECT JOHN
16                                           GOOD AS SOLE PLAINTIFF ON THE
                     Defendants.             COURT'S DOCKET
17
                                             ORDER FOR PLAINTIFF TO SUBMIT
18                                           APPLICATION TO PROCEED IN FORMA
                                             PAUPERIS OR PAY FILING FEE WITHIN 45
19                                           DAYS
     _____/
20

21          Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. §

22   1983.  Plaintiff filed the complaint commencing this action on February 27, 2009, at the United

23   States District Court for the Southern District of California.  The action was transferred to the

24   Eastern District of California on March 17, 2009 and received by this court on October 9, 2009.

25          Plaintiff purports to bring a class action on behalf of himself and other inmates at CCI, based

26   on claims that various conditions at CCI violate the Eighth and Fourteenth Amendments.  However,

27   plaintiff is not an attorney and is proceeding without counsel.  A non-attorney proceeding pro se may

28   bring his own claims to court, but may not represent others.  Fymbo v. State Farm Fire & Casualty

                                                 -1-

1   Co., 213 F.3d 1320, 1321 (2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997);

2   C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).  A pro se litigant simply

3   cannot "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4); Fymbo, 213

4   F.3d at 1321.  Therefore, this action will be construed as an individual civil suit brought by plaintiff

5   rather than as a class action.  Plaintiff John Good shall proceed as the sole plaintiff.

6          Plaintiff has not paid the $350.00 filing fee, or submitted an application to proceed in forma

7   pauperis pursuant to 28 U.S.C. § 1915 on the proper form for this court.

8          Accordingly, IT IS HEREBY ORDERED that:

9          1.     This action is construed as an individual civil suit rather than as a class action, and

10                plaintiff John Good shall proceed as the sole plaintiff;

11         2.     The Clerk is directed to reflect on the court's docket that John Good is the sole

12                plaintiff in this action;

13         3.     Within forty-five (45) days of the date of service of this order, plaintiff shall submit

14                the attached application to proceed in forma pauperis, completed and signed, or in the

15                alternative, pay the $350.00 filing fee for this action;

16         4.     Within sixty (60) days of the date of service of this order, plaintiff shall submit a

17                certified copy of his prison trust statement for the six month period immediately

18                preceding the filing of the complaint;

19         5.     No requests for extension of time will be granted without a showing of good cause;

20                and

21         6.     Failure to comply with this order will result in a recommendation that this action be

22                dismissed.

23

24      IT IS SO ORDERED.

25   **Dated:    October 15, 2009**                      **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE
26

27

28