1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT FOR THE

9                            EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN GOOD,                                    1:09-cv-01791 GSA  (PC)

12              Plaintiff,

                                                    ORDER DENYING MOTION FOR
13         vs.                                      APPOINTMENT OF COUNSEL

14    CALIFORNIA DEPARTMENT OF
      CORRECTIONS, et al.,                          (Document #13)
15
                Defendants.
16
      _____/
17
               On October 23, 2009, plaintiff filed a motion seeking the appointment of
18
      counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand
19
      v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to
20
      represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court
21
      for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However,
22
      in certain exceptional circumstances the court may request the voluntary assistance of counsel
23
      pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.
24
               Without a reasonable method of securing and compensating counsel, the court
25
      will seek volunteer counsel only in the most serious and exceptional cases.  In determining
26
      whether "exceptional circumstances exist, the district court  must evaluate both the likelihood
27
      of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light
28

                                                    -1-

1    of the complexity of the legal issues involved." Id. (internal quotation marks and citations

2    omitted).

3           In the present case, the court does not find the required exceptional

4    circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has

5    made serious allegations which, if proved, would entitle him to relief, his case is not

6    exceptional.  This court is faced with similar cases almost daily.  Further, at this early stage in

7    the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the

8    merits, and based on a review of the record in this case, the court does not find that plaintiff

9    cannot adequately articulate his claims.  Id.

10          For the foregoing reasons, plaintiff's motion for the appointment of counsel is

11   HEREBY DENIED, without prejudice.

12      IT IS SO ORDERED.

13   **Dated:    October 29, 2009**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28