1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JOHN GOOD,                               Case No.: 1:09-cv-01791 JLT (PC)

12          Plaintiff,                       ORDER DISMISSING THE COMPLAINT
                                             WITH LEAVE TO AMEND
13      vs.

14  CALIFORNIA DEPT. OF
    CORRECTIONS, et al.,
15
            Defendants.
16  _____/

17          Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action

18  pursuant to 42 U.S.C. § 1983.  This proceeding was referred to the undersigned magistrate judge in

19  accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302.  Pending before the court is Plaintiff's

20  complaint filed February 27, 2009.

21  **I.      SCREENING**

22          **A.      Screening Requirement**

23          The Court is required to review a case filed *in forma pauperis*.  28 U.S.C. § 1915(A)(a).  The

24  Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a

25  claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from

26  such relief.  28 U.S.C. § 1915 (e)(2).  If the Court determines the complaint fails to state a claim, leave

27  to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

28  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

                                             1

**B.**     <u>Section 1983</u>

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Collins v. Womancare</u>, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." <u>Id.</u> There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. <u>See</u> <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 691-92 (1978) (citing <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71(1976)).

**C.**     <u>Rule 8(a)</u>

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. <u>See</u> <u>Bell</u>

2

1  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In other words, the plaintiff is required to give

2  the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests.

3  Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Although a complaint

4  need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as

5  true, to 'state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L.

6  Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570).  Vague and conclusory allegations are

7  insufficient to state a claim under § 1983.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

8  1982).

9  **II.     BACKGROUND**

10      In his complaint, Plaintiff contests the conditions of his confinement at Tehachapi State Prison.

11  First, Plaintiff alleges that he was forced to sleep on mattresses that were wet, moldy, smelled of urine,

12  and often contaminated with pepper spray.  Plaintiff alleges further that sleeping on these mattresses

13  caused swelling of his skin and uncontrollable itching.  Plaintiff also notes that there have been four

14  known outbreaks of scabies in his housing yard due to the dirty mattresses.  Nevertheless, according to

15  Plaintiff, prison officials have failed to remedy the situation: housing officers refuse to replace the

16  mattresses, medical staff provide itching cream and pills that provide little relief, and inmate grievance

17  forms are ignored.  (Compl. at 4-5, 9, 11.[1])

18      Second, Plaintiff alleges that food is served on unwashed food trays.  In addition, plaintiff alleges

19  that prison officials often serve meals on upside down garbage cans, which are used daily for disposing

20  of trash.  According to plaintiff, almost all of the inmates at Tehachapi State Prison have become ill due

21  to these eating conditions.  (Compl. at 6, 10.)

22      Based on the above allegations, Plaintiff claims violations of the Eighth Amendment and the Due

23  Process Clause of the Fourteenth Amendment.  Plaintiff, however,  has not indicated what relief he

24  seeks.  (See Compl. at 4-6.)

25  /////

26

27      [1]  The complaint is not fully paginated.  Therefore, for the sake of consistency, the Court will cite to the pages of

28  the complaint as they appear on ECF/CM.

1   **III.    DISCUSSION**

2       **A.    Defendants**

3       Plaintiff has identified the California Department of Corrections and Rehabilitation (CDCR), an

4   unknown housing officer, an unknown supply officer, and an unknown bedding staff member as

5   defendants to this action.   However, the Court is unable to authorize service as to any of these

6   defendants.  First, the CDCR is a state agency.  The Eleventh Amendment serves as a jurisdictional bar

7   to suits brought by private parties against a state or state agency, unless the state consents to the suit.

8   See Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("In the absence of a waiver by the

9   state . . . under the [E]leventh [A]mendment, agencies of the state are immune from private damage

10  actions or suits for injunctive relief brought in federal court.") (internal quotations omitted).  Here, the

11  CDCR has not consented to suit.  Accordingly, Plaintiff's claims against the CDCR must be dismissed.

12      Second, because the remainder of the defendants identified by Plaintiff are unknown, the Court

13  is unable to serve the complaint, even if the Court were to find that it stated cognizable claims for relief.

14  "As a general rule, the use of "John Doe" to identify a defendant is not favored."  Gillespie v. Giviletti,

15  629 F.2d 637, 642 (9th Cir. 1980).  Accordingly, Plaintiff must specifically name individual defendants

16  or provide sufficient information so that the United States Marshal is reasonably able to identify the

17  defendants and effectuate service.

18      **B.    Eighth Amendment - Conditions of Confinement**

19      Under the Eighth Amendment, "[p]rison officials have a duty to ensure that prisoners are

20  provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety."  Johnson

21  v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).  A prisoner pleading a violation of the

22  Eighth Amendment in this regard must demonstrate a serious deprivation, one that amounts to a denial

23  of "the minimal civilized measure of life's necessities."  Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir.

24  1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)).  In determining whether a deprivation

25  is sufficiently serious, "the circumstances, nature, and duration" of the deprivation must be considered.

26  Johnson, 217 F.3d at 731.  "The more basic the need, the shorter the time it can be withheld."  Hoptowit

27  v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982).

28  /////

4

1  In addition, a prisoner challenging the conditions of his confinement must demonstrate that the

2  prison official acted with "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 303 (1991).  A

3  prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to

4  [the prisoner's] health and safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In other words, "the

5  official must both be aware of facts from which the inference could be drawn that a substantial risk of

6  serious harm exists, and he must also draw the inference." Id.

7  In this case, Plaintiff has alleged facts that arguably demonstrate a serious deprivation regarding

8  sanitation within the meaning of the Eighth Amendment.  Plaintiff alleges that he was forced to sleep

9  on unsanitary mattresses that caused him to suffer from severe skin irritations.  Plaintiff also alleges that

10  he was forced to eat off of unsanitary food trays and tables that caused him to vomit.  However, Plaintiff

11  has failed to allege facts linking these deprivations with the actions of any particular Defendant.  See

12  Rizzo, 423 U.S. at 370-71 (there must be an actual causal connection between the alleged deprivation

13  and the actions of a defendant).  Plaintiff does not clearly explain which Defendants knew of the

14  unsanitary mattresses and food trays, whether Defendants knew that prisoners were becoming ill, or

15  whether Defendants attempted to take any remedial action.  Accordingly, at this time, Plaintiff has failed

16  to demonstrate that Defendants acted with deliberate indifference and therefore fails to state a cognizable

17  Eighth Amendment claim.

18  **C.    Eighth Amendment - Inadequate Medical Care**

19  To present a viable claim for inadequate medical care under the Eighth Amendment, a plaintiff

20  must allege facts demonstrating that the defendant's mistreatment rose to the level of "deliberate

21  indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In applying this

22  standard, the Ninth Circuit has explained that "the indifference to [the plaintiff's] medical needs must

23  be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice,'" is insufficient to support

24  this cause of action. Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429

25  U.S. at 105-06).

26  Here, Plaintiff alleges that he needed medical attention for the rash and welts caused by sleeping

27  on unsanitary mattresses.  While this is arguably a serious medical need within the meaning of the Eighth

28  Amendment, Plaintiff has again failed to allege facts demonstrating that medical staff were deliberately

indifferent to those needs.  In fact, it appears from the complaint that medical staff provided Plaintiff with itch creams and pills to relieve his symptoms.  Although the creams and pills may not have been as effective as Plaintiff would have wished, this alone does not arise to the level of a constitutional violation.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981). Accordingly, without more, Plaintiff's allegations regarding his medical care fail to state a cognizable Eighth Amendment claim.

### D.      Due Process - Inmate Grievances

To the extent that Plaintiff alleges that prison officials ignored his inmate grievances, he is advised that it is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Therefore, when a prison official denies, screens-out, or ignores an inmate's grievance, the prison official does not deprive the inmate of any constitutional right. See, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegation that prison officials denied or ignored his inmate appeals failed to state a cognizable claim); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegation that prison officials failed to timely process his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison officials screened-out his inmate grievances without any basis failed to show a deprivation of federal rights).  Accordingly, plaintiff's allegations fail to state a cognizable due process claim.

### E.      Demand for Relief

A complaint must contain a demand for relief.  Fed. R. Civ. P. 8(a).  Here, Plaintiff has not included any statement or prayer for relief.  Thus, the Court is unsure as to whether Plaintiff seeks monetary damages, injunctive relief, or any other form of relief.

### F.      Leave to Amend

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear

that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). However, if Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files an amended complaint, his original pleadings no longer serve any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, the amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 220.

## IV.   **CONCLUSION**

Accordingly, for the reasons set forth above, it is HEREBY ORDERED that:

1.   Plaintiff's complaint is dismissed;

2.   Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";

3.   The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

4.   Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

IT IS SO ORDERED.

Dated:   **October 8, 2010**                                    **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE