1
2
3
4
5
6
7
8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN GOOD,                              Case No.: 1:09-cv-01791 JLT (PC)

12              Plaintiff,                    ORDER REQUIRING PLAINTIFF TO
                                             EITHER NOTIFY THE COURT OF HIS
13        vs.                                WILLINGNESS TO PROCEED ON
                                             COGNIZABLE CLAIMS OR FILE A
14   CALIFORNIA DEPT. OF                     SECOND AMENDED COMPLAINT
     CORRECTIONS, et al.,
15              Defendants.                   (Doc. 31)

16   _____/

17        Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action

18   pursuant to 42 U.S.C. § 1983.  By order filed October 12, 2010, the Court dismissed Plaintiff's

19   complaint with leave to amend.  Now pending before the Court is Plaintiff's amended complaint filed

20   November 8, 2010.

21   I.        SCREENING

22        A.        Screening Requirement

23        The Court is required to review a case filed *in forma pauperis*.  28 U.S.C. § 1915(A)(a).  The

24   Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a

25   claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from

26   such relief.  28 U.S.C. § 1915 (e)(2).  If the Court determines the complaint fails to state a claim, leave

27   to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

28   Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

                                             1

**B.      Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.      Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell

2

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Although a complaint need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570).  Vague and conclusory allegations are insufficient to state a claim under § 1983.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     THE AMENDED COMPLAINT

In his amended complaint, Plaintiff challenges the conditions of his confinement at Tehachapi State Prison from December 2008 to June 2009.  Plaintiff alleges that Defendants Trayham, Kelly, Hockison, Pratt, Remdez, and Sampson (1) forced him to sleep on a mattress that was moldy, stained with urine, and contaminated with pepper spray; (2) forced him to eat meals off of trash cans used for everyday trash and off trays that had mold and old food attached to them; (3) failed to provide him toilet paper for a week; (4) once served him food contaminated with pepper spray; (5) once served him food that had been dropped on the floor; (6) denied him regular showers; and (7) denied him access to the law library.  Plaintiff alleges that he filed several inmate grievances regarding these matters, but his grievances were ignored.  Moreover, according to Plaintiff, Defendants Trayham, Kelly, and Remdez threatened to retaliate against Plaintiff if he persisted in filing grievances.  Accordingly, Plaintiff has filed the instant action, seeking monetary damages and injunctive relief.  (Doc. 31 at 1-51.)

## III.    DISCUSSION

### A.     Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)).  Prison officials therefore have a constitutional "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted); see Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

1    To establish a violation of this duty, a prisoner must satisfy both an objective and subjective

2    component.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  First, a prisoner must demonstrate an

3    objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's

4    necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S.

5    337, 346 (1981)).  In determining whether a deprivation is sufficiently serious, "the circumstances,

6    nature, and duration" of the deprivation must be considered.  Johnson, 217 F.3d at 731.  "The more basic

7    the need, the shorter the time it can be withheld." Hoptowit, 682 F.2d at 1259.  Second, a prisoner must

8    demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate

9    indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733.  A prison official is liable for denying

10   an inmate humane conditions of confinement only if "the official knows of and disregards an excessive

11   risk to inmate health and safety; the official must both be aware of facts from which the inference could

12   be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer,

13   511 U.S. at 837.

14   Here, Plaintiff's allegations regarding the contaminated mattress and unsanitary eating surfaces

15   fail to state a cognizable claim.  While Plaintiff's allegations arguably demonstrate objectively serious

16   deprivations of sanitation within the meaning of the Eighth Amendment, the allegations fail to

17   demonstrate that Defendants acted with deliberate indifference.  Plaintiff's bald allegation that

18   Defendants Trayham, Kelly, Hockison, Pratt, Remdez, and Sampson "forced" him to sleep on a

19   contaminated mattress and "forced" him to eat off of trash cans and dirty trays, (Doc. 31 at 3,) are too

20   vague and conclusory to show that Defendants caused the alleged deprivation or acted with a sufficiently

21   culpable state of mind.  Rather, Plaintiff must allege specific facts demonstrating that each Defendant

22   was aware of the unsanitary conditions but nevertheless ignored or failed to rectify the situation.

23   Plaintiff's allegation with respect to being denied toilet paper fails to state a cognizable claim

24   for the same reason.  In his amended complaint, Plaintiff merely alleges that "one week had passed with

25   no toilet paper from [Defendants] Hockison and Pratt." (Doc. 31 at 7.)  Plaintiff does not indicate

26   whether these defendants were aware that Plaintiff did not have toilet paper nor that these defendants

27   were responsible for providing Plaintiff with toilet paper.  Without alleging facts demonstrating such,

28   Plaintiff fails to show that Defendants Hockison and Pratt acted with requisite deliberate indifference.

4

Next, to the extent that Plaintiff alleges that Defendants Hockison and Pratt once served him food that had traces of pepper spray or had been dropped on the ground, Plaintiff fails to demonstrate an objectively serious deprivation within the meaning of the Eighth Amendment. "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). "The fact that the food occasionally contains foreign objects . . . does not amount to a constitutional deprivation." Id. Because the incidents of alleged food contamination were isolated occurrences in this case, Plaintiff does not appear to have been deprived of food adequate for maintaining his health. Plaintiff's allegations therefore fail to state a cognizable claim. See, e.g., Speech v. Ward, No. CIV S-05-1403 FCD DAD P, 2006 WL 2849822 (E.D. Cal. Oct 4, 2006) (isolated instances of food contamination are insufficient to support an Eighth Amendment claim).

The Court does find, however, that Plaintiff's allegations relating to the denial of showers sufficient to state a cognizable claim. According to Plaintiff, Defendants Trayham and Kelly ordered housing officers to allow prisoners showers only once a week or once every other week. (Id. at 3, 6.) For example, Plaintiff alleges that in April 2009, he was denied a shower for nineteen straight days. (Id. at 6.) The denial of showers for such extended periods of time may constitute a serious deprivation of sanitation within the meaning of the Eighth Amendment. See Toussaint v. McCarthy, 597 F. Supp. 1388, 1411 (9th Cir. 1984) (the Eighth Amendment guarantees personal hygiene). In addition, the fact that Defendants Trayham and Kelly specifically enacted this shower policy arguably shows that these defendants were deliberately indifferent to Plaintiff's health and well-being. Thus, if these allegations are proven true, Plaintiff has a reasonable opportunity of prevailing on the merits of this Eighth Amendment claim.

### B.   Law Library Access

The Constitution does not guarantee a prisoner unlimited access to the law library. Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir. 1985). Rather, access to the law library serves as a means for safeguarding a prisoner's constitutional right to access the courts. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). Thus, unless the prisoner establishes that he was unable to access the courts as a result of being denied access to the law library, there is no constitutional violation. Id.

at 350-56; <u>see also</u> <u>Jones v. Blanas</u>, 393 F.3d 918, 936 (9th Cir. 2004) (no constitutional violation where prisoner failed to show that he was unable to file a complaint or defend against a charge due to law library restrictions).

Here, Plaintiff alleges that he repeatedly requested law library access for the purpose of obtaining a form complaint for this § 1983 action. (Am. Compl. at 4.) Although Plaintiff's requests were never directly responded to, Plaintiff acknowledges that he did eventually receive a form complaint from the law library. (<u>Id.</u>) Thus, there is no indication that Plaintiff suffered any actual injury with respect to his ability to access the courts. Plaintiff appears to have been able to successfully bring all his § 1983 claims to court, as demonstrated by this action. Accordingly, Plaintiff's allegations regarding access to the law library fail to state a cognizable claim.

**C.    Inmate Grievances**

Plaintiff appears to allege that Defendant Sampson, the Appeals Coordinator at Tehachapi State Prison, failed to respond to his numerous inmate grievances. (See Doc. 31 at 8.) Plaintiff also alleges that Defendant Kelly discarded his inmate grievances. (<u>Id.</u> at 7.) As the Court advised Plaintiff in its previous screening order, it is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988)). Thus, when a prison official denies, screens-out, or ignores an inmate's grievance, the prison official does not deprive the inmate of any constitutional right. <u>See</u> <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (prison official's failure to process inmate grievance fails to state a constitutional claim); <u>Wright v. Shannon</u>, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegation that prison officials denied or ignored his inmate appeals failed to state a cognizable claim); <u>Walker v. Vazquez</u>, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegation that prison officials failed to timely process his inmate appeals failed to state a cognizable claim); <u>Towner v. Knowles</u>, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison officials screened-out his inmate grievances without any basis failed to show a deprivation of federal rights). Accordingly, Plaintiff's allegations against Defendants Sampson and Kelly fail to state a cognizable claim in this regard.

**D.    Retaliation**

Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the adverse action did not reasonably advance a legitimate penological purpose. Id.; Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). Here, Plaintiff alleges that on different occasions, Defendants Trayham, Kelly, and Remdez threatened to retaliate against Plaintiff if he persisted in filing inmate grievances. Construed liberally, these allegations are sufficient to plead cognizable First Amendment retaliation claims against Defendants Trayham, Kelly, and Remdez. See Brodheim v. Cry, 584 F.3d 1262, 1269-70 (9th Cir. 2009) (the mere threat of harm for filing an inmate grievance may support a First Amendment retaliation claim).

**E.    Leave to Amend**

In sum, the Court finds that Plaintiff's amended complaint states cognizable Eighth Amendment claims against Defendants Trayham and Kelly regarding the prison's shower policy. The Court also finds that the amended complaint states cognizable First Amendment retaliation claims against Defendants Trayham, Kelly, and Remdez. Plaintiff's remaining allegations, however, fail to state any cognizable claims.

Plaintiff may therefore proceed in one of two ways. Plaintiff may elect to proceed on the amended complaint on Defendants Trayham, Kelly, and Remdez and pursue only those claims found cognizable by the Court in this order. If he chooses this route, the Court will order service of the complaint on these defendants at this time. Or, Plaintiff may file a second amended complaint, and attempt to cure the deficiencies identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). If Plaintiff elects to file a second amended complaint, he is cautioned, once again, that he may not change the nature of this suit by adding new and unrelated claims. See George v. Smith,

507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is reminded also that the Court cannot refer to a prior pleading in order to make Plaintiffs' amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## IV. CONCLUSION

In accordance with the above, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:

   a. Notify the Court in writing that he wishes to serve the amended complaint on Defendants Trayham, Kelly, and Remdez and proceed against these defendants only on those claims found cognizable by the Court in this order; or

   b. File a second amended complaint attempting to cure the deficiencies identified by the Court in this order.

2. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

3. Plaintiff is cautioned that failure to comply with this order will result in the dismissal of this case. See Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated:   **November 17, 2010**                          **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE