IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GOOD,<br><br>      Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>      Defendants.<br>_____/ | 1:09-cv-01791-AWI-JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 51) |

On September 21, 2011, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Only in certain exceptional circumstances may the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotations and citations omitted).

1    In the present case, the Court does not find the required exceptional circumstances. Even
2 if it is assumed that Plaintiff is not well-versed in the law and that he has made serious
3 allegations which, if proved, would entitle him to relief, his case is not so complex that Plaintiff
4 is unable to adequately articulate his claims. This action involves two claims (under the First and
5 Eighth Amendments) and against three defendants. Without a reasonable method of securing
6 and compensating counsel, the Court will seek volunteer counsel only in the most complex and
7 exceptional cases. Also, at this point the Court is unable to conclude that Plaintiff has a strong
8 likelihood of succeeding on the merits of his claims such that counsel is warranted.
9    Accordingly, for all the reasons set forth above, it is **HEREBY ORDERED** that
10 Plaintiff's September 21, 2011 motion for the appointment of counsel (Doc. 51) is **DENIED**.
11 IT IS SO ORDERED.
12 Dated:   **September 27, 2011**           /s/ **Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE